[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal regarding the denial of unemployment compensation. The court has reviewed the certified record of this unemployment appeal.
The claimant, Keith M. Dickerson was ruled ineligible for unemployment compensation benefits because his discharge resulted from wilful misconduct. Upon denial of benefits by the Administrator, Mr. Dickerson appealed to the Appeals Referee, who conducted a de novo hearing. The Appeals Referee affirmed the decision of the Administrator. Mr. Dickerson then appealed to the Board of Review, ultimately affirming the decision of the Appeals Referee, and, dismissing the appeal. The claimant then filed a motion to re-open which was denied. This appeal ensued. Mr. CT Page 14660 Dickerson has not filed any motions to correct the findings of the Board of Review.
In deciding an appeal to the superior court, where no correction has been made to the findings, the court is limited to the certified record before it. The court does not retry the case. The court only considers whether the record contains evidence to support the conclusions reached by the Board of Review.
In this matter the record is replete with evidence, including Mr. Dickerson's own acknowledgment of the offending conduct which resulted in his termination from employment for wilful misconduct.
The record discloses that Mr. Dickerson had been an employee of Overnight Transportation since 1990, as a driver. On the day in question, he was making a truck delivery at a customer of his employer. A motor vehicle of an employee of the customer was blocking Mr. Dickerson's way for delivery. The customer employee moved his motor vehicle; however, he did not move it far enough for Mr. Dickerson; the motor vehicle continued to be an obstacle that Mr. Dickerson had to work around. Mr. Dickerson was irate because it was slowing him down in his work. He took a knife and punctured a tire of the customer employee's motor vehicle. This was captured on a camera at the customer's place of business. Ultimately, Mr. Dickerson was terminated from his employment. Mr. Dickerson is sorry he did this and wants his unemployment benefits.
Under the law, an employee is not eligible for unemployment benefits if he is discharged for wilful misconduct. General Statutes § 31-236
(a)(2)(B). Wilful misconduct is defined in the statutes as: "deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's misconduct." General Statutes § 31-236
(a)(15).
The regulations that further defined `deliberate', `misconduct', and `wilful disregard of the employer's interest', clearly encompass the situation that the claimant finds himself in as a result of his own action. Regs., Conn. Agencies § 31-236-26a.
The decision of the Board of Review was not unreasonable, illegal or an abuse of discretion. Similarly, the Board of Review's decision to deny the claimant's motion to reopen was not improper, for while the claimant sought a second chance, he did not present new grounds of evidence or make a showing that the application of the law required a different result. CT Page 14661
The decision of the Board of Review is affirmed and the claimant, Keith M. Dickerson's appeal is dismissed.
It is so ordered.
Munro, J. CT Page 14662
[EDITORS' NOTE: the case once contained on this page is now located at CT Page 16344] CT Page 14663
[EDITORS' NOTE: CT Pages 14663 — 14690 are blank.] CT Page 14691